UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ENCOVA INSURANCE f/k/a
MOTORISTS MUTUAL
INSURANCE COMPANY,

    Plaintiff,

vs.

    Case No. 2:21-cv-11982
    Hon. Mark A. Goldsmith

WEST BEND MUTUAL INSURANCE,

    Defendant.

| | |
|---|---|
| JOSEPH R. CONTE (P39209)<br>Garan Lucow Miller, P.C.<br>Attorney for Plaintiff<br>1450 W. Long Lake Road, Suite 350<br>Troy, MI 48098<br>(248) 641-7600; Fax: (248) 641-0222<br>jconte@garanlucow.com | WILLIAM J. EWALD (P22839)<br>FREDERICK C. OVERDIER (P40694)<br>Braun Kendrick Finkbeiner P.L.C.<br>Attorneys for Defendant<br>4301 Fashion Square Boulevard<br>Saginaw, MI 48603<br>(989) 498-2100; Fax (989) 799-4666<br>wilewa@braunkendrick.com<br>freove@braunkendrick.com |

## **AMENDED COMPLAINT FOR DECLARATORY JUDGEMENT/CONTRIBUTION**

NOW COMES the Plaintiff, ENCOVA INSURANCE, by and through its attorneys, GARAN LUCOW MILLER, P.C., and for its Amended Complaint for Declaratory Judgement/Contribution, states as follows:

## **INTRODUCTION**

1. This is an action for Declaratory Judgment brought pursuant to MCR 2.605(A)(1) since an actual controversy exists regarding fire insurance loss coverage between the parties and it is requested that this Court declare the rights of the parties.

1

2. This action stems from a fire loss to the Family Foods Superstore, LLC (Family Foods) in Detroit, Michigan in which Encova Insurance (Encova) is providing insurance coverage for the loss and West Bend Mutual Insurance (West Bend) is not paying their share of the claim on a pro rata basis even though West Bend also insured the Family Foods Superstore on the date of the loss.

3. Encova requests that this Court declare that West Bend owes insurance coverage on a pro rata basis to their insured, Family Foods.

4. This is also an action for contribution on a pro rata basis for amounts already paid by the Encova to the Family Foods for adjustment of the fire loss.

## THE PARTIES

5. Encova is a foreign corporation doing business in the City of Detroit, County of Wayne, State of Michigan.

6. West Bend is a foreign corporation doing business in the City of Detroit, County of Wayne, State of Michigan.

7. The insured, Family Foods, is, upon information and belief, a Michigan corporation doing business in the City of Detroit, County of Wayne, State of Michigan.

## JURISDICTION AND VENUE

8. Pursuant to MCR 2.605, this Court has jurisdiction over this action because an actual controversy exists between the parties and this Court has the legal power to declare the rights of the parties.

9. Venue is proper on the basis that the insured entity is located in Wayne County, the fire loss occurred in Wayne County and the underlying policies were written for a Wayne County business.

## FACTS

10. Family Foods is located at 8665 Rosa Park Blvd., in Detroit, and there was a fire loss at that location on or about June 8, 2021.

11. Family Foods had a policy of fire insurance through Encova and that policy was in effect on the date of the fire loss.

12. Encova discovered following the loss that Family Foods, through its insurance agent, had bound coverage with West Bend.

13. Once Encova learned that there was another policy in existence on the date of loss through West Bend, West Bend was notified; they have taken the stance that their policy was cancelled following the date of loss and that the cancellation was made effective retroactively to a date prior to the loss.

14. Upon information and belief, Family Foods and/or their insurance agent, with knowledge of the fire loss, made a request to West Bend on June 11,

2021 to cancel the West Bend policy and requested that the cancellation date be the date of inception of the policy, June 1, 2021.

15. The back dating of the cancellation date was approved by West Bend.

## COUNT I - DECLARATORY JUDGEMENT

16. Encova incorporates all preceding paragraphs as if fully restated herein.

17. Encova insured Family Foods on the date of the fire loss and is providing coverage for the fire loss.

18. West Bend also insured Family Foods on the date of loss and any cancellation of their policy following the loss could operate prospectively only and not retroactively. *Clevenger v Allstate*, 443 Mich 646 (1993); *Hobby v Farmers*, 212 Mich App 100 (1995).

19. The fire loss insurance statute, MCL 500.2833, provides the ways in which either the insured or the insurer may cancel a policy and there are no provisions in that statute for a retroactive cancellation of a policy following a loss.

20. The West Bend policy of insurance does not contain any provisions in it whereby either an insured or an insurer can retroactively cancel a policy following a loss.

21. MCL 500.2833(1)(k) states that an insurer's liability shall not be greater than its pro rata share with other insurance that exists on the date of the loss.

4

22. Both the Encova and the West Bend policies both contain pro rata apportionment provisions where two policies of insurance exist on the date of loss.

23. A declaration of rights and obligations is necessary to affirm that West Bend is obligated to provide coverage on a pro rata basis for the subject fire loss.

WHEREFORE, Plaintiff, ENCOVA INSURANCE, prays that this Honorable Court enter a declaratory judgment declaring that Defendant, West Bend Mutual Insurance, is obligated to provide coverage on a pro rata basis for the fire loss involving its insured, Family Foods Superstore, and grant such other relief as the Court deems appropriate including reimbursement for attorney fees and costs as well as statutory interest.

## **COUNT II - CONTRIBUTION**

24. Encova incorporates all preceding paragraphs as if fully restated herein.

25. To date, Encova has advanced $240,807.23 in business personal property coverage and $250,000 in business income and extra expense coverage benefits to the Family Foods Superstore in the adjustment of their fire loss claim; these numbers are subject to change as it is anticipated that additional coverage benefits will be paid out in this matter.

26. Since a policy of insurance existed between West Bend and Family Foods on the date of loss and since that policy was not cancelled prior to the loss,

5

West Bend is liable to Encova on a pro rata basis for any and all amounts paid by Encova in the adjustment of the fire loss.

27. The fire loss statute and the two policies both provide for pro rata sharing in the event two policies exist at the same time on the date of loss.

WHEREFORE, Plaintiff, ENCOVA INSURANCE, prays that this Honorable Court enter a judgment against West Bend for their pro rata share of $200,000 or for any further amounts paid by Encova in the adjustment of the Family Foods fire loss claim and grant such further relief as the Court deems appropriate including reimbursement for attorney fees and costs as well as statutory interest.

|  |  |
|---|---|
|  | GARAN LUCOW MILLER, P.C. |
| BY: | *s/ Joseph R. Conte* |
|  | JOSEPH R. CONTE (P39209) |
|  | Attorney for Plaintiff |
|  | 1450 W. Long Lake Road, Suite 350 |
|  | Troy, MI 48098 |
|  | (248) 641-7600 |
|  | jconte@garanlucow.com |

DATED: September 10, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the ECF, which will send notification of such filing to the following: All ECF Attorney(s) of Record on this case.

                                        GARAN LUCOW MILLER, P.C.

BY:    *s/ Joseph R. Conte*
         JOSEPH R. CONTE (P39209)
         Attorney for Plaintiff
         1450 W. Long Lake Road, Suite 350
         Troy, MI 48098
         (248) 641-7600
         jconte@garanlucow.com

#4685773