UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ENCOVA INSURANCE,

        Plaintiff,                          Case No. 21-cv-11982

v.                                           HON. MARK A. GOLDSMITH

WEST BEND MUTUAL INSURANCE,

        Defendant.
_____/

**OPINION & ORDER**
**GRANTING IN PART AND DENYING IN PART ENCOVA INSURANCE'S MOTION FOR SUMMARY JUDGMENT ON DAMAGES (Dkt. 50)**

In this action, Plaintiff Encova Insurance seeks to hold Defendant West Bend Mutual Insurance responsible for a share of the loss subject to an insurance claim that Encova paid in full to an insured covered by both insurers. In its earlier summary judgment ruling on liability—which set forth the full background of the case and need not be repeated here—the Court agreed with Encova that West Bend was liable to it for a pro-rata share of the loss. See 3/30/23 Op. & Order (Dkt. 43). The gist of the prior ruling was that both the Encova and West Bend policies were in effect at the time of the loss, and that each insurer was responsible for its share of the loss based on pro-ration of their respective limits. Id. Because the parties could not agree on the details of how to calculate that sharing of the loss, Encova filed the instant motion for summary judgment on damages, detailing the issues that divide the parties. The Court sets forth below its ruling as to each issue.[1]

---

[1] In addition to the motion, the briefing includes West Bend's response (Dkt. 51), Envoca's reply (Dkt. 52), and the parties' joint statement of summary of arguments (Dkt. 57).

1

As the earlier ruling details, the insured had been insured with Encova for years before the loss. 3/30/23 Op. & Order at 1–2. Shortly before the loss, the insured moved its insurance to West Bend. Id. at 2. The Court previously ruled that the new West Bend policy came into effect before a fire that prompted the insurance claim that is the subject of the action. Id. at 9. Because both the Encova and West Bend policies were in effect, the two insurers had to share the loss. Id. at 22.

In the briefing on the current motion, the parties raise the following issues:

- Whether West Bend should receive a credit against the amount it owes to Encova for the premium on the policy that its insured never paid to West Bend;

- Whether West Bend must share in the expenses incurred by the insured during the 60-day extended indemnity period; and

- Whether West Bend owes Encova for Encova's adjustment costs of the claim.

As to the first issue, West Bend argues that it should receive a credit against the amount it owes because its insured never paid the premium for the policies. Resp. to Mot. for Summ. J. at 7–11. West Bend argues that principles of equity support that position. Id. It cites a number of cases addressing the sharing of losses between insurers, none of which actually addresses this particular issue of credit for an unpaid premium.[2]

To be sure, equitable principles have a role to play in insurance matters and are flexible judicial tools. See Hartford Accident & Indem. Co. v. Used Car Factory, Inc., 600 N.W.2d 630, 632 (Mich. 1999) ("Equitable subrogation is a flexible, elastic doctrine of equity."). But the equities hardly point to West Bend as an insurer that should receive credit for an unpaid premium.

---

[2] West Bend cites Hudson v. State Farm Fire & Cas. Co., 93 F. Supp. 3d 773 (E.D. Mich. 2015); Amerisure Mut. Ins. Co. v. Carey Transp., Inc., 578 F. Supp. 2d 888 (W.D. Mich. 2008); Cent. Mich. Bd. of Trs. v. Emps. Reinsurance Corp., 117 F. Supp. 2d 627 (E.D. Mich. 2000); Hartford Accident & Indem. Co. v. Used Car Factory, Inc., 600 N.W.2d 630 (Mich. 1999); Detroit Auto. Inter-Ins. Exch. v. Detroit Mut. Auto. Ins. Co., 59 N.W.2d 80 (Mich. 1953).

Its legal position in this case—that it could retroactively cancel its policy knowing that a fire loss had occurred—has been rejected by the Court. Further, West Bend could have pursued collection of the unpaid premium, but instead pursued a legal strategy not to do so. Why Encova should suffer a diminution in the amount of its recovery because of West Bend's strategic choices is never explained. West Bend should not receive credit for the unpaid premium.

The second issue must also be resolved against West Bend. The policies provided for an extended period—following completion of repairs during which the insured prepared to resume business—for the insured to be compensated for covered expenses. Mot. for Summ. J. at 5–6; Resp. to Mot. for Summ. J. at 11–14. West Bend argues it is not responsible for these amounts because its policy was cancelled before the 60-day extended period began. Id. This argument runs contrary to the Court's prior ruling that no cancellation of that policy could impact rights that had become fixed as of the time of loss. See 3/30/23 Op. & Order at 15 ("The liability of the insurer . . . becomes absolute whenever injury or damage covered by such policy occurs" and "[t]he policy may not be canceled . . . after the occurrence of the injury or damage.") (citing 1 Long, The Law of Liability Insurance, § 3.25, pp. 3, 83–84).

Another argument—made in West Bend's response, but not repeated and preserved in the Joint Statement—is that Encova has not properly supported the amount of loss for the extended period. But Encova did supply an affidavit pertaining to these expenses and a chart detailing them. Noe Aff. at PageID.1262–1264 (Dkt. 50-4); BI/EE Expense Summary at PageID.1252 (Dkt. 50-3). West Bend did not seek discovery regarding this or supply any countervailing evidence. In fact, it agreed that no evidentiary hearing or trial was required on the issue of damages—an issue the parties agreed could be decided on the briefs. West Bend cannot escape responsibility for the extended period expenses.

Finally, Encova says West Bend should share in the adjustment expenses, which were fully borne by Encova. Mot. for Summ. J. at 6–7. The basis for this argument is an appeal to equity. Id. But West Bend is correct that Encova offers no case supporting its request. Although cases discussing "other insurance" and equitable subrogation are legion, none has endorsed Encova's contention that, in calculating the sharing of losses, a party is entitled to credit for the costs of adjusting the loss.

Encova argues that making West Bend pick up a pro-rata share of the adjustment costs is no different than picking up a share of defense costs when there are multiple liability policies covering a claim. Reply at 6. But adjustment activities are fundamentally different from defense costs owed by a liability insurer: They are not part of any obligation that an insurer owes to its insured. Rather, adjustment efforts are activities undertaken to protect the insurer's own interest in not over-paying a claim. Thus, they form no part of the "loss" of the insured that must be shared by insurers.

Encova makes an argument for adjustment expenses under Mich. Comp. L. § 500.2833(1)(k), which provides that an "insurer's liability shall not be greater than the pro rata share with other insurance for the peril involved." Mot. for Summ. J. at 6–7. But the language of the statute is silent on the issue of sharing adjustment expenses. And the concept of a "peril" does not naturally encompass the expense of an insurer; it typically embraces the risk that an insured faces.[3]

---

[3] Black's Law Dictionary defines "peril" as it relates to insurance as "[t]he cause of a risk of loss to person or property; esp., the cause of a risk such as fire, accident, theft, forgery, earthquake, flood, or illness." As a contextual illustration, Black's Law Dictionary provides the phrase "insured against all perils." Peril, Black's Law Dictionary (11th ed. 2019). This definition illustrates that the concept of a "peril" embraces the risk that an insured faces.

Encova makes a final argument under a theory of unjust enrichment. See Mot. at 6–7. But it fails to spell out exactly what is the unjust enrichment. The argument may be that West Bend was saved from having to undertake any adjustment activity. But a court should not have to be the architect for an argument that a party has failed to fully design itself. See United States v. Mungarro, No. 07-20076, 2020 WL 1933816, at *3 (E.D. Mich. Apr. 22, 2020) ("It is not the court's responsibility to craft winning legal arguments for [the parties]."). Further, without more details on what the activities were and how they impacted adjustment of the claim, it is unknown to what extent the adjustment activities were justified and whether they advanced West Bend's interests coextensively with Encova's, if at all. Insurers do not have a uniform way of adjusting claims. Some fiercely resist a claim and spend considerable effort in doing that; others are less resistant and spend less on adjustment costs. In the absence of more facts, Encova's unjust enrichment theory remains entirely theoretical. For all these reasons, the Court will not require West Bend to share in such expenses.

The Court grants in part and denies in part Encova's motion for summary judgment (Dkt. 50). Within 14 days, the parties must submit a proposed judgment through which the case will be closed. If they cannot agree on the form of the judgment, each party must file, within 14 days, a proposed judgment attached to a notice of filing, which notice may contain an explanation for why the Court should adopt that party's proposed judgment.

SO ORDERED.

Dated: March 29, 2024   s/Mark A. Goldsmith
      Detroit, Michigan   MARK A. GOLDSMITH
         United States District Judge